## Jacob Lingenfelter, Plff. in Err., v. J. B. Williams, Receiver, Etc.

The refusal of the trial court to grant a continuance is not assignable as
error.

In an action on promissory notes, where the defense is payment, and evi-
dence is given to sustain it, and there is evidence tending to prove that they
were not paid, whether the notes were paid or not is a question of fact for
the jury.

(Argued May 9, 1887.   Decided May 23, 1887.)

January Term, 1887, No. 97, E. D., before MERCUR, Ch. J.,
GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error
to the Common Pleas of Bedford County to review a judgment
on a verdict for plaintiff in an action of assumpsit. Affirmed.

This was an action brought by J. B. Williams, as receiver of
the Bedford county bank, against Jacob Lingenfelter, to recover
on two notes made by the defendant and discounted by the bank
for $50 and $800, respectively, and also for an alleged balance
on a book account of $912.92.

Defendant filed an affidavit of defense alleging payment, and
obtained a rule on plaintiff to show cause why he should not
itemize the statement in his *narr.* "Balance on book account,
$912.92." This rule was subsequently made absolute. Plain-
tiff failed to file a statement of items as required by the rule.

NOTE.—The refusal of a continuance will not furnish ground for reversal.
Com. v. Buccieri, 153 Pa. 535, 26 Atl. 228; De Grote v. De Grote, 175 Pa.
50, 34 Atl. 312; Com. v. Bezek, 168 Pa. 603, 32 Atl. 109; Clow v. Pittsburgh
Traction Co. 158 Pa. 410, 27 Atl. 1004; Walthour v. Spangler, 31 Pa. 523.
But the rule is otherwise where there has been an abuse of discretion, re-
sulting in injury to the applicant. Schrimpton v. Bertolet, 155 Pa. 638, 26
Atl. 776.

When the case came on for trial, on objections by defendant to the presentation of the bank account, the plaintiff moved to amend by filing the same; whereupon, defendant made an affidavit of surprise, and asked that the case should be continued at plaintiff's costs. Thereupon the plaintiff withdrew such offer to amend, and moved to amend by striking out the whole claim except the two notes. Defendant objected to the amendment, and alleged surprise, upon the ground that the notes had been carried into and blended with the account and were a part thereof, and that the cause could not be fairly tried by such separation.

The court disallowed the surprise and defendant excepted. Assignment of error.

Defendant then filed the following amended plea:

"Payment and payment with leave to give special matter in evidence with notice of special matter as filed, and the following additional special matter." Attached to this plea as special matter was a copy of the Lippel check for $1,034, with its indorsements. This plea was allowed by the court, the replication being *non sol.*

The plaintiff offered his notes in evidence and rested. The defendant offered, under his plea of payment, a check of Henry Lippel for $1,034, deposited in the bank, the amount of which had been collected.

John Du Bois, a partner in the Bedford county bank and also cashier, was called by plaintiff in rebuttal. Plaintiff proposed to prove by him that the check of Henry Lippel was presented to the Bedford county bank by Jacob Lingenfelter; that Mr. Lingenfelter took credit on his account for $900 of that check and got the balance in cash; that it did not go to pay these notes, never was so intended or so applied; and further that at the time Mr. Lingenfelter owed the amount of the Lippel check and more to the bank, and that he subsequently checked out more than that much money, and treated it himself as a deposit and not as a payment of this note or either of the notes.

Objected to, because the offer is not evidence under the pleadings, the plaintiff being bound in the pleadings by the replication, and that they cannot set up a set-off against a set-off in this proceeding under the plea.

By the Court: We admit the evidence, the plea of set-off having been withdrawn.

Objection overruled, evidence admitted, exception noted.

Plaintiff presented the following points:

1. When Lingenfelter presented to the bank the check of Henry Lippel and indorsed it, the presumption of law is that he received satisfaction.

*Ans.* As a general principle this is true; this is the law.

2. That, as the defendant did not lift his notes, and they are not canceled, the presumption of law is that they are unpaid.

*Ans.* We affirm this point.

3. That there is no such evidence in this case as would justify the jury in allowing any credit to the defendant; and their verdict should be for the plaintiff for the full amount of the two notes and interest.

*Ans.* If the evidence of the plaintiff's witnesses is believed, which is a question of fact for you, then we affirm this point.

Defendant presented the following points:

1. That the evidence of both plaintiff and defendant showing that Jacob Lingenfelter deposited in the Bedford county bank on the 8th of May, 1884, three days after the $800 note came due, a check for $1,034, and there being no evidence of the money being applied to any other purpose, the presumption of law is that the bank applied the deposit to the payment of the note.

*Ans.* This point we must refuse, because it assumes what the evidence does not show; there is evidence for the jury to consider as to how this money was appropriated.

2. That the paper offered by the plaintiff shows deposits made by the defendant of several thousand dollars, and that there is a much larger aggregate of money in the hands of the bank, as shown by the evidence, than would be needed for the payment of these notes; and the presumption of law is that the bank paid the notes out of the money in its hands.

*Ans.* This point we refuse.

3. There being no evidence of the protest of either of these notes, the presumption of law is that they were paid at maturity.

*Ans.* This point is refused.

The court, BAER, P. J., charged the jury as follows:

The plaintiff claims in this case to recover on two notes executed by the defendant, and which are not disputed. The plaintiff is entitled to a verdict at your hands for the full amount

of these notes with interest to this date, unless the defendant has satisfied you by proof that he had paid these notes. The defendant sets up payment by his pleadings; and he presents a check indorsed by him, for $1,034, which was presented to the bank; and he claims that the bank received it in payment of these two notes. As this check exceeds the sum of the notes, the defense would be complete, if in point of fact the bank received the check in payment of these notes. That is the question in this case: whether the bank received that check in payment of the notes, not whether the bank received it, because that is undisputed; but did it receive it in payment of these two notes?

[The plaintiff placed upon the stand the cashier of the bank, who is a competent witness, and he testified that the notes were not paid by this check, but that of this check $134 was paid in cash to Jacob Lingenfelter, the party presenting it, and that $900, at the request of Lingenfelter, went, not to pay the notes, but as credit upon an account against Lingenfelter on the books of the bank.]

Mr. Gardner was put upon the stand, and he said that Lingenfelter presented at the bank a list of credits which he alleged he was entitled to on his account; and that among these was that check of $1,034. This is the evidence substantially; if there is any other, you will bear it in mind and consider it.

[If the check was not paid on the notes, but put there and a credit claimed for it on his account, or for so much of it as was necessary to pay that account, then, under the pleadings and the evidence in this case, the verdict should be for the plaintiff for the amount of the two notes with interest up to this time.]

Verdict and judgment for plaintiff for $973.56.

The assignments of error specified the answers to plaintiff's and defendant's points, the portion of the charge inclosed in brackets, the action of the court in refusing a continuance to defendant and in admitting the evidence above noted.

*Alexander King* and *John H. Jordan,* for plaintiff in error.— Our amended pleas were: payment, and payment with leave to give the special matter set forth in the plea. This was in fact a set-off on our part; we offered the Lippel check for $1,034, against the notes. But, because we had not added "set-off" to our pleas, the court held the plaintiff could produce its book

account as a set-off against our checks, and admitted evidence on the part of plaintiff to this effect. This was certainly wrong, because, as we had pleaded payment and specified, the short plea was not necessary. Balsbaugh v. Frazer, 19 Pa. 95; Henderson v. Lewis, 9 Serg. & R. 379, 11 Am. Dec. 733; Calvin v. M'Clure, 17 Serg. & R. 385; Moloney v. Davis, 48 Pa. 512.

If the court misled the jury by directing attention to a point on which there was no evidence, it is error. Washington Mut. F. Ins. Co. v. Rosenberger, 3 W. N. C. 16; Snyder v. Wilt, 15 Pa. 59; Byles v. Hazlett, 11 W. N. C. 212; Burke v. Maxwell, 81 Pa. 139; Snyder v. Snyder, 6 Binn. 499, 6 Am. Dec. 493; Deal v. McCormick, 3 Serg. & R. 347; Hersheaur v. Hocker, 9 Watts, 455; Harrisburg Bank v. Forster, 8 Watts, 304.

A judge has no right to say to a jury what inferences they should adopt from the evidence. Wenrich v. Heffner, 38 Pa. 207; Parker v. Donaldson, 6 Watts & S. 132.

*John Cessna* and *Russell & Longenecker* for defendant in error.

PER CURIAM.

The refusal of the court to grant a continuance is not assignable as error. A clear difference exists between withdrawing a portion of the plaintiff's claim and adding to it, on the eve of the trial. The addition might require evidence with which the defendants are not prepared, and they may therefore be surprised. Not so the withdrawal of a part of the claim, so that the defendants will require less evidence to defend against it.

Whether the notes were paid was a question of fact. That there was evidence tending to prove they were not paid cannot be doubted. It, therefore, became a question of fact for the jury, to which it was well submitted. No assignment of error is sustained.

Judgment affirmed.